## Commonwealth v. Miller

*Paul P. Wisler*, for Commonwealth.
*Robert Trucksess*, for defendant.

KNIGHT, P. J., May 6, 1954.—There is no dispute as to the facts which are as follows:

During the daytime of June 8, 1953, appellant, Lewis Miller, was driving his automobile over Valley Forge Road in this county. He became dizzy and pulled his car to the right side of the road and the right wheels struck a bank and the car overturned. Mr. Miller was alone and no one was injured. The cause of his dizziness and subsequent unconsciousness was diagnosed as an epileptic fit.

Since the year 1944, Mr. Miller has had three of such fits, which have always been preceded by headaches, thus giving warning of their coming. Mr. Miller has been a licensed operator in Pennsylvania since 1926 and at one time conducted a garage business

which required him to operate many different types of motor vehicles. On August 27, 1953, the Department of Revenue, through the Bureau of Highway Safety, suspended appellant's operating privilege for an indefinite period, giving as the reason that appellant is "suffering from an epileptic condition".

Appellant, through his counsel, demanded a departmental hearing, which was held before an examiner December 17, 1953. On February 10, 1954, the department notified counsel for appellant that the decision was that appellant's suspension should remain in effect. This appeal followed and a hearing de novo was held before the writer on April 7, 1954. At this hearing, both the Secretary of Revenue and appellant called the same two witnesses; namely, appellant himself and John Charles Maerz, M.D. Appellant testified to the three previous attacks he had and of the warning headaches he experienced before each attack. He admitted he had a headache before the attack of June 8th but thought he could fight it off. He further testified that he had operated his car since June 8th without any trouble and that he needed his automobile to drive six miles to work every day.

Dr. Maerz testified that appellant was a mild epileptic; that he was fortunate in that he received a warning of an approaching attack; that he has been treating appellant and since June 8th he has not had an attack. The doctor gave it as his firm opinion that appellant was a safe driver so far as the epilepsy is concerned, if he continued the medication the physician prescribed.

Appellant is 44 years old, is married and has three children. He impressed the hearing judge as a conscientious man who was sincere when he stated on the stand that hereafter he would heed the warning that an epileptic fit might be coming on and that he in-

tended to keep on under the care of Dr. Maerz and comply with his directions as to the medication he is receiving. We believe appellant when he declared that if he did not consider himself a safe driver, he would not want a license to operate a motor vehicle.

We are convinced that there is no more risk of appellant causing injury to himself or others by reason of his epileptic condition that there is of the average driver who may suffer a heart attack, an apoplectic stroke or any one of a number of things that may cause a sudden loss of consciousness.

The Motor Vehicle Code Act of May 1, 1929 P. L. 905, article 6, sec. 615 as amended, provides that the Secretary of Revenue may suspend the operator's privilege of anyone, whenever the secretary finds upon sufficient evidence:

"I. That such person is incompetent to operate a motor vehicle, or is afflicted with mental or physical infirmities or disabilities rendering it unsafe for such person to operate a motor vehicle upon the highways."

Research by counsel as well as our own limited examination of the law has failed to disclose any reported case in which an operator's privilege was suspended by reason of a fear of epileptic seizures.

We are of the opinion that the secretary should have taken a calculated risk in this case and that it is unjust to deprive this competent driver of the needed use of his automobile because of the rather remote possibility that he may have another epileptic seizure while operating his car and thus cause injury or damage to himself or others.

And now, May 6, 1954, the action of the Secretary of Revenue in suspending the operator's privilege of Lewis Miller is revoked, and it is ordered and directed that the operator's privilege of Lewis Miller be restored and reinstated.